## JOHN B. GRAHEK AND OTHERS v. M. F. SKALA AND ANOTHER.[1]

October 21, 1927.

No. 26,249.

**Agreement to extend time to redeem from sale wholly ineffective.**

1. In an action to enforce an agreement to extend the time in which to redeem from a foreclosure sale, it is *held* that the evidence was sufficient to support the findings in favor of defendants.

**Rulings on evidence without error.**

2. There was no prejudicial error in rulings upon the admissibility of evidence.

Mortgages, 42 C. J. p. 392 n. 94.

---

See 19 R. C. L. 651.

[1]Reported in 215 N. W. 839.

Plaintiffs appealed from an order of the district court for Lake county, Magney, J., denying their motion for a new trial. Affirmed.

*Gannon, Strizich & Farnand,* for appellants.

*Jenswold, Jenswold & Dahle,* for respondents.

QUINN, J.

By this action plaintiffs seek to enforce an agreement to extend the time in which to redeem from a mortgage foreclosure sale of real estate. There were findings and an order for judgment in favor of the defendants. From an order denying their motion for a new trial, the plaintiffs appealed. The same premises and the same mortgages were involved as in the case of McKnight v. Brozich, 164 Minn. 90, 204 N. W. 917, 43 A. L. R. 1352.

Each of the parties to this action held separate mortgages, given by the same parties on the same land. The defendants' mortgage, dated July 6, 1920, was given to secure the payment of a loan of $5,000, was recorded on July 14, 1920, and was a first lien upon the premises. The plaintiffs' mortgage, dated October 3, 1920, was given to secure the payment of a loan of $3,000 and was recorded August 24, 1921. Default having occurred in the payment of each of the mortgages, the mortgagees separately employed the same attorney to foreclose their mortgages. The mortgages were foreclosed by publication and sale made on June 22, 1923. The sale under the first mortgage was to the defendant for $6,020.36, being the amount owing thereon. The sale under the second mortgage was to the plaintiffs for $3,675.61, being the amount owing thereon.

Judgment was entered in the district court in the McKnight case on June 20, 1924, adjudging such foreclosure proceedings void. The parties to this action appealed from such judgment to this court, which resulted in a reversal, and thereafter such further proceedings were had in the district court that final judgment was entered on September 10, 1925, adjudging that McKnight have no recovery and that the foreclosure proceedings were valid. Notice of the entry of this judgment was given on September 11, 1925.

[1] Respondents entered into an agreement with appellants on June 24, 1924, that the time in which to redeem from the foreclosure sale be 'extended until ten days after entry, and notice thereof, of final judgment in the McKnight action. The trial court found however that there was no consideration for such agreement and that the appellants had failed to make any payment or tender of payment in redemption to respondents, at any time or in any amount, from such sale. There is ample evidence to sustain such findings. The period of redemption under the statute expired prior to the date of the extension agreement. No notice of intention to redeem had been filed. It is clear that the extension agreement was ineffective. Even if we eliminate the question of consideration by considering the agreement a continuing offer by defendants, it remains true that plaintiffs did not accept in the manner or within the time limited.

[2] There was no prejudicial error in the rulings upon the admissibility of evidence.

Affirmed.